MR. JUSTICE SHEEHY,
concurring in part and dissenting in part:
I dissent from that portion of the majority opinion which finds state immunity to exist here on two grounds: (1) this case involves an express, and not an implied contract; (2) the legislature intended to waive sovereign immunity as to any contract.
In the fall of 1976, the plaintiffs enrolled in the Career Pilot Program in the Department of Aviation Technology at the Missoula Technical Center, one of five state-designated post secondary vocational education centers. The program was advertised and represented by the state as a six quarter program, extending to two years.
Before making their decision to enroll in the aviation technology program,-the students received a brochure describing it and the Missoula Technical Center’s catalogue of course offerings. After enrolling, they received a detailed outline of the program, including two full years of classes. The brochures and outlines plainly contained full representation by the state that the program was being offered for six quarters and would not be terminated. The students relied on these documents, and on various statements from their instructors throughout the first year in enrolling in the course and continuing in the course.
The plaintiffs first brought this case in the federal court, and the decision in favor of the plaintiffs in that court was appealed to the Court of Appeals for the Ninth Circuit. The opinions in Peretti v. State of Montana (D. Mont. 1979), 464 F.Supp. 784. The decision was reversed not because it was incorrect, but because the Ninth Circuit Court felt that it had no jurisdiction, in this case, of the cause against the state. What is important to this case is that in a reply brief filed in the Court of Appeals for the Ninth Circuit, pp. 9, 10, the state admitted:
“While the District Court found an ‘implied contract’ as the result of the solicitation contained in Exhibits 1, 2, and 3, it could have just as easily found ‘express contract’ as that term is defined in § 28-2-103 which provides in pertinent part:
“ *. . . an express contract is one the terms of which are stated in words . . . ’ ”
I would hold that an express contract existed here.
But even if the contract is regarded as one arising from implica *247 tion, the statute waiving state immunity, § 18-1-404(1), MCA, provides:
“The state of Montana shall be liable in respect to any contract entered into in the same manner and to the same extent as a private individual under like circumstances . . .”
In an exercise of nimble sophistry, the majority determined that the word “any” excludes implied contracts. One has to be fast to keep up with this Court.
The finding that an implied contract is involved here, and that immunity does not extend to implied contracts violates the policy of this state set forth in § 20-30-101(1), MCA, as follows:
“It is the policy of this state to encourage and enable its citizens to obtain and receive an education commensurate with their abilities and desires. It is recognized that institutions offering post secondary education, vocational, and professional instruction perform a useful and necessary service to the citizens of this state in achieving this objective. It is found that certain institutions have either by unscrupulous, unfair, and deceptive practices or through substandard instruction deprived the citizens of this state of education opportunity and subjected them to financial loss.”
In the light of our public policy, in which class of educators shall we place the state of Montana?
I concur in part as to the damages awarded. They should have been individualized and not generalized. I would remand only for the purpose of adjusting the damages based on the individual losses.
MR. JUSTICE HUNT concurs in the foregoing dissent of MR. JUSTICE SHEEHY.